# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **FRED HUGHES,** | ) |
| Plaintiff, | ) CIVIL ACTION NO. |
| v. | ) |
| **CORELOGIC CREDCO, LLC,** | ) |
| Defendant. | ) |

## COMPLAINT

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer, Fred Hughes, against Defendant CoreLogic Credco, LLC., for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq*.

## JURSIDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

1

4.      Plaintiff Fred Hughes is an adult individual residing in Fackler, Alabama.

5.      Defendant, CoreLogic Credco, LLC ("Credco") is a consumer reporting agency ("CRA") and a reseller of credit information that regularly conducts business in the Northern District of Alabama, and which has a principal place of business located at 40 Pacifica Avenue, Suite 900, Irvine, CA 92618.

## FACTUAL ALLEGATIONS

6.      For a period of time since at least July 2017, Plaintiff has been marked as "deceased" by at least one CRA on his credit reports.

7.      Plaintiff is not deceased.

8.      Plaintiff was denied for various lines of credit and credit opportunities; in whole or in part, because Defendant sold credit reports in which Plaintiff was marked as deceased, including but not limited to, Freedom Mortgage.

9.      Credco, a consumer reporting agency and a reseller of consumer information, obtains consumer credit information secondarily from the three major credit reporting agencies.  The consumer credit information maintained for individual consumers by the three major credit reporting agencies consists of public records information, account information and other consumer information.  Once Credco receives the requested consumer credit information, it assembles and merges

the information into Credco consumer credit reports, which it then sells to third parties.

10. On multiple occasions in February and March 2018, Credco requested and obtained consumer credit information about the Plaintiff from Trans Union, LLC, ("TransUnion") and Equifax Information Services LLC., ("Equifax"). TransUnion and Equifax did not provide any indication that Plaintiff was deceased or any other inaccurate information in response to Credco's request for Plaintiff's information.

11. On multiple occasions in February and March 2018, Credco also requested and obtained consumer credit information about the Plaintiff from Experian Information Solutions, Inc. ("Experian"). Based on information and belief, Experian was the only credit reporting agency that reported Plaintiff as deceased on his consumer credit report. Credco included the inaccurate deceased notation obtained from Experian when it created its consumer report about the Plaintiff.

12. The consumer credit information Credco received from Experian, and in turn included in the report it sold about Plaintiff, was patently inaccurate on its face and the information was independently verifiable. Specifically, Credco received no indication that Plaintiff was deceased from TransUnion or Equifax in the report it sold about Plaintiff.

13. Prior to sale of its consumer reports about Plaintiff, Credco did nothing to reconcile the inconsistent reporting of the deceased notation or any other inaccurate information by Experian with the other two major credit reporting agencies.

14. Additionally, Credco did nothing to investigate the conflicting information received from Experian about the inaccurate deceased notation and any other inaccurate information.

15. As of result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress, including anxiety, frustration, embarrassment and humiliation.

16. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

17. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

### COUNT ONE – VIOLATIONS OF THE FCRA
### (Plaintiff v. Credco)

18. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

19. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

20. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

21. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b).

22. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMANDED

23. Plaintiff demands trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Statutory damages;

(b) Actual damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

*/s/ Micah S. Adkins*
Micah S. Adkins
(ASB-8639-I48A)
**THE ADKINS FIRM, P.C.**
1025 Westhaven Blvd., Suite 220
Franklin, Tennessee 37064
T: (615) 370.9659
F: (615) 370.4099
E: MicahAdkins@ItsYourCreditReport.com
*Counsel for Plaintiff Fred Hughes*